✓ FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
JUL 28 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARMEN MAGZANYAN,<br>aka "Arman Magzanyan,"<br>aka "Arman Magz,"<br><br>Defendant. | Case No. 2:20-CR-254-GMN-EJY<br><br>**Preliminary Order of Forfeiture** |

This Court finds Armen Magzanyan, aka "Arman Magzanyan," aka "Arman Magz," pled guilty to Counts Three and Four of a Twenty-Count Superseding Criminal Indictment charging him in Count Three with mail fraud in violation of 18 U.S.C. § 1341 and in Count Four with health care fraud in violation of 18 U.S.C. § 1347. Superseding Criminal Indictment, ECF No. 10; Change of Plea, ECF No. 124; Plea Agreement, ECF No. 125.

This Court finds Armen Magzanyan, aka "Arman Magzanyan," aka "Arman Magz," agreed to the forfeiture of the property set forth in the Stipulation for Entry of Order of Forfeiture (Stipulation), the Bill of Particulars, and Forfeiture Allegations One and Two of the Superseding Criminal Indictment. Superseding Criminal Indictment, ECF No. 10; Bill of Particulars, ECF No. 122; Change of Plea, ECF No. 124; Plea Agreement, ECF No. 125.

This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Stipulation, the Bill of Particulars, and Forfeiture Allegations One and Two of the Superseding Criminal

Indictment and the offenses to which Armen Magzanyan, aka "Arman Magzanyan," aka "Arman Magz," pled guilty.

The following property is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 and 1347, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(F), involving a Federal health care offense as defined in 18 U.S.C. § 24, or conspiracy to commit such offenses; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1341, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense; and (3) property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of 18 U.S.C. §§ 1341 and 1347, involving a Federal health care offense as defined in 18 U.S.C. § 24 and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(7):

1. 7808 GENZER DRIVE, LAS VEGAS, NEVADA 89145, LOT THREE (3) IN BLOCK TEN (10) OF CHARLESTON RAINBOW UNIT NO. 17-A, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 24 OF PLATS, PAGE 34, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, AND AMENDED BY CERTIFICATE OF AMENDMENT, RECORDED JUNE 14, 1979 IN BOOK 1070 AS DOCUMENT NO. 1029899, OFFICIAL RECORDS, CLARK COUNTY, NEVADA; TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 138-33-513-002;

2. 7208 GRAY STREET LAS VEGAS, NEVADA 89145, LOT SEVENTEEN (17) IN BLOCK FOUR (4) OF CHARLESTON RAINBOW UNIT NO. 10-A, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 14 OF PLATS, PAGE 22, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA; TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON , APN: 138-34-311-044;

3. $485,799.73 cash in lieu of the following real properties:

    a. 9081 LAWTON PINE AVENUE, LAS VEGAS, NEVADA 89129, LOT TWENTY-EIGHT (28) IN BLOCK SEVENTEEN (17) OF GOWAN/FORT APACHE-PHASE 5-UNIT B, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 70 OF PLATS, PAGE 3, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA; TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON , APN: 138-08-222-023; and

b. 2211 SOUTH TIOGA WAY, LAS VEGAS, NEVADA 89117, PARCEL I: THAT PORTION OF THE NORTHEAST QUARTER (NE ¼) OF THE NORTHWEST QUARTER (NW ¼) OF THE SOUTHWEST QUARTER (SW ¼) OF THE SOUTHWEST QUARTER (SW ¼) OF SECTION 3, TOWNSHIP 21 SOUTH, RANGE 60 EAST, M.D.M., DESCRIBED AS FOLLOWS:
LOT TWO (2) OF THAT CERTAIN PARCEL MAP IN FILE 21 OF PARCEL MAPS, PAGE 31, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, AND RECORDED AUGUST 28, 1978 IN BOOK 935 AS DOCUMENT NO. 894854, OFFICIAL RECORDS.
PARCEL II: A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER THOSE PORTIONS OF LOTS ONE (I), THREE (3) AND FOUR (4) LYING WITHIN THE PRIVATE DRIVE AS SHOWN BY SAID MAP, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 163-03-401-002

(all of which constitutes property).

Upon receipt and clearance of a cashier's check in the amount of $485,799.73, made payable to the United States Marshals Service, subject line: "U.S. v. Magzanyan, 20-CR-254-CDS-EJY, cash in lieu forfeiture funds," the United States shall release its forfeiture claims to and remove its lis pendens on: 9081 Lawton Pine Ave. and 2211 South Tioga Way.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Armen Magzanyan, aka "Arman Magzanyan," aka "Arman Magz," in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

//

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6). Notice is served on any individual or entity on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail under Fed. R. Crim. P. 32.2(b)(6)(D) and Supplemental Rule G(4)(b)(iii)-(v).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the forfeited property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, within thirty (30) days of the final publication of notice on the official internet government forfeiture site, www.forfeiture.gov, or his receipt of written notice, whichever is earlier.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the United States Attorney's Office at the following address at the time of filing:

Jessica Oliva, Assistant United States Attorney
Attention Asset Forfeiture
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED July 28, 2026.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE