TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
JESSICA OLIVA
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6787
Jessica.Oliva@usdoj.gov
*Attorneys for the United States*

✓ FILED ____ RECEIVED
____ ENTERED ____ SERVED ON
COUNSEL/PARTIES OF RECORD
JUL 28 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ____ DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARMEN MAGZANYAN,<br>aka "Arman Magzanyan,"<br>aka "Arman Magz,"<br><br>Defendant. | Case No. 2:20-CR-254-[redacted]-EJY (GMN handwritten)<br><br>**Stipulation for Entry of Order of Forfeiture as to Armen Magzanyan, aka "Arman Magzanyan," aka "Arman Magz"; Marina Berberyan; Mikah Berberyan; Oganes Berberyan; Valentina Zamlyak; Mikah Separate Property Trust; Mikah Holdings LLC; Mikah Lawton Pine Drive, LLC, a series of Mikah Holdings LLC; Mikah Gray Street, LLC, a series of Mikah Holdings LLC; and Mikah Genzer Street, LLC, a series of Mikah Holdings LLC, and Order** |

The United States of America and Armen Magzanyan (the "Defendant"); Marina Berberyan; Mikah Berberyan; Oganes Berberyan; Valentina Zamlyak; Mikah Separate Property Trust; Mikah Holdings LLC; Mikah Lawton Pine Drive, LLC, a series of Mikah Holdings LLC; Mikah Gray Street, LLC, a series of Mikah Holdings LLC; and Mikah Genzer Street, LLC, a series of Mikah Holdings LLC, and their counsel, Mark J. Geragos, agree as follows:

1. The Defendant; Marina Berberyan; Mikah Berberyan; Oganes Berberyan; Valentina Zamlyak; Mikah Separate Property Trust; Mikah Holdings LLC; Mikah Lawton Pine Drive, LLC, a series of Mikah Holdings LLC; Mikah Gray Street, LLC, a series of Mikah Holdings LLC; and Mikah Genzer Street, LLC, a series of Mikah Holdings LLC,

(collectively, "the Parties") knowingly and voluntarily agree to the civil judicial forfeiture or the criminal forfeiture of the following property:

1. 7808 GENZER DRIVE, LAS VEGAS, NEVADA 89145, LOT THREE (3) IN BLOCK TEN (10) OF CHARLESTON RAINBOW UNIT NO. 17-A, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 24 OF PLATS, PAGE 34, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, AND AMENDED BY CERTIFICATE OF AMENDMENT, RECORDED JUNE 14, 1979 IN BOOK 1070 AS DOCUMENT NO. 1029899, OFFICIAL RECORDS, CLARK COUNTY, NEVADA; TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 138-33-513-002;

2. 7208 GRAY STREET LAS VEGAS, NEVADA 89145, LOT SEVENTEEN (17) IN BLOCK FOUR (4) OF CHARLESTON RAINBOW UNIT NO. 10-A, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 14 OF PLATS, PAGE 22, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA; TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON , APN: 138-34-311-044;

3. $485,799.73 cash in lieu of the following real properties:

   a. 9081 LAWTON PINE AVENUE, LAS VEGAS, NEVADA 89129, LOT TWENTY-EIGHT (28) IN BLOCK SEVENTEEN (17) OF GOWAN/FORT APACHE-PHASE 5-UNIT B, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 70 OF PLATS, PAGE 3, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA; TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON , APN: 138-08-222-023; and

   b. 2211 SOUTH TIOGA WAY, LAS VEGAS, NEVADA 89117, PARCEL I: THAT PORTION OF THE NORTHEAST QUARTER (NE ¼) OF THE NORTHWEST QUARTER (NW ¼) OF THE SOUTHWEST QUARTER (SW ¼) OF THE SOUTHWEST QUARTER (SW ¼) OF SECTION 3, TOWNSHIP 21 SOUTH, RANGE 60 EAST, M.D.M., DESCRIBED AS FOLLOWS:
   LOT TWO (2) OF THAT CERTAIN PARCEL MAP IN FILE 21 OF PARCEL MAPS, PAGE 31, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, AND RECORDED AUGUST 28, 1978 IN BOOK 935 AS DOCUMENT NO. 894854, OFFICIAL RECORDS.
   PARCEL II: A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER THOSE PORTIONS OF LOTS ONE (I), THREE (3) AND FOUR (4) LYING WITHIN THE PRIVATE DRIVE AS SHOWN BY SAID MAP, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 163-03-401-002

(all of which constitutes property).

2. The Parties knowingly, voluntarily, and intellectually agree that 7808 Genzer Drive and 7208 Gray Street are forfeitable to the United States in their entirety as real property which constitutes proceeds traceable to the Defendant's crimes.

3. The Parties knowingly, voluntarily, and intellectually agree that the $485,799.73 cash in lieu of 9081 Lawton Pine Avenue and 2211 South Tioga Way is forfeitable to the United States in its entirely as a replacement sum of money equal to the amount of proceeds traceable to the Defendant's crimes used to purchase or make payments towards 9081 Lawton Pine Avenue and 2211 South Tioga Way.

4. The Parties knowingly, voluntarily, and intellectually admit the property is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 and 1347, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(F), involving a Federal health care offense as defined in 18 U.S.C. § 24, or conspiracy to commit such offenses; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1341, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense; and (3) property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of 18 U.S.C. §§ 1341 and 1347, involving a Federal health care offense as defined in 18 U.S.C. § 24 and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(7); and 21 U.S.C. § 853(p).

5. The Parties knowingly, voluntarily, and intellectually agree to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

6. The Parties knowingly, voluntarily, and intellectually agree to waive their rights to any civil judicial forfeiture proceedings or any criminal forfeiture proceedings against the property.

7. The Parties knowingly, voluntarily, and intellectually agree to waive service of process of any and all documents filed in this action or any proceedings concerning the forfeiture of the property arising from the facts and circumstances of this case.

8. The Parties knowingly, voluntarily, and intellectually agree to waive any further notice to them, their agents, or their attorneys regarding the forfeiture and disposition of the property.

9. The Parties knowingly, voluntarily, and intellectually agree not to file any claim, answer, petition, or other documents in any proceedings concerning the property; agree not to contest and agree not to assist any other person and entity to contest, the forfeiture.

10. The Parties knowingly, voluntarily, and intellectually agree to withdraw any claims, answers, counterclaims, petitions, or other documents they filed in any proceedings concerning the property.

11. The Parties knowingly, voluntarily, and intellectually agree to waive all constitutional, statutory, legal, equitable rights, defenses, and claims including, but not limited to, Bivens actions, the Federal Tort Claims Act (FTCA), the Administrative Procedure Act (APA), the Tucker Act, the Little Tucker Act, and Fed. R. Crim. P. 41(g) Motion for Return of Property in any proceedings concerning the property.

12. The Parties knowingly, voluntarily, and intellectually agree to waive all constitutional, statutory, legal, equitable rights, defenses, and claims including, but not limited to, the Ex Post Facto Law under Sections 9 and 10 of Article I of the United States Constitution in any proceedings concerning the property.

13. The Parties knowingly, voluntarily, and intellectually waive all constitutional, statutory, legal, equitable rights, defenses, and claims including, but not limited to, the seizure and forfeiture of the property in any proceedings under the Fourth Amendment to the United States Constitution.

14. The Parties knowingly, voluntarily, and intellectually agree to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case in any proceedings under the Fifth Amendment to the United States Constitution.

/ / /

15. The Parties knowingly, voluntarily, and intellectually agree to waive the constitutional requirements, and the constitutional due process requirements of any forfeiture proceedings concerning the property under the Fifth Amendment to the United States Constitution.

16. The Parties knowingly, voluntarily, and intellectually agree to waive all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to any constitutional or statutory double jeopardy defense or claim under the Fifth Amendment to the United States Constitution.

17. The Parties knowingly, voluntarily, and intellectually agree to waive all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, a jury trial, a bench trial, and an ancillary hearing on the forfeited property under the Sixth Amendment and Seventh Amendment to the United States Constitution.

18. The Parties knowingly, voluntarily, and intellectually agree to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, the Excessive Fines Clause and the Cruel and Unusual Punishments Clause under the Eighth Amendment to the United States Constitution.

19. The Parties knowingly, voluntarily, and intellectually agree to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, the Extradition Treaty, legal documents, etc., between the United States and Spain under Article VI of the United States Constitution.

20. The Parties knowingly, voluntarily, and intellectually agree to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims to the property in any proceedings under *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021)

21. The Parties knowingly, voluntarily, and intellectually agree to the entry of an Order of Forfeiture of the property to the United States.

22. The Parties knowingly, voluntarily, and intellectually agree to waive the right to appeal any Order of Forfeiture.

23. The Parties agree the property is forfeited to the United States and can be taken into custody immediately by the United States.

24. The Parties understand that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to the forfeiture.

25. The Parties acknowledge the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution.

26. The Parties knowingly, voluntarily, and intellectually agree to take all steps as requested by the United States Attorney's Office to pass clear title of any forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceedings.

27. The Parties knowingly, voluntarily, and intellectually agree to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Armen Magzanyan, aka "Arman Magzanyan," aka "Arman Magz"; Marina Berberyan; Mikah Berberyan; Oganes Berberyan; Valentina Zamlyak; Mikah Separate Property Trust; Mikah Holdings LLC; Mikah Lawton Pine Drive, LLC, a series of Mikah Holdings LLC; Mikah Gray Street, LLC, a series of Mikah Holdings LLC; and Mikah Genzer Street, LLC, a series of Mikah Holdings LLC, and Order (Stipulation).

28. The Parties knowingly, voluntarily, and intellectually agree to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Federal Bureau of Investigation, their agencies, their agents, and their employees from any claim made by them or any third party arising from the facts and circumstances of this case.

29. The Parties knowingly, voluntarily, and intellectually release and forever discharge the United States, the United States Department of Justice, the United States

Attorney's Office for the District of Nevada, the Federal Bureau of Investigation, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that the Parties now have or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

30. Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

31. This Stipulation contains the entire agreement between the parties.

32. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

33. The persons signing this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of this Stipulation.

34. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in, Nevada.

35. Each party shall bear their or its own attorneys' fees, expenses, interest, and costs.

36. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /

/ / /

IT IS HEREBY CERTIFIED, under 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 7/17/2026

Marina Berberyan

DATED: 7/17/2026

Oganes Berberyan

DATED: 7/17/2026

Valentina Zamlyak

DATED: 7/17/2026

Mikah Berberyan

DATED: 7/17/2026

Marina Berberyan as Trustee
Mikah Separate Property Trust

DATED: 7/17/2026

Oganes Berberyan as Trustee
Mikah Separate Property Trust

DATED: 7/17/2026

Valentina Zamlyak as Trustee
Mikah Separate Property Trust

DATED: 7/17/2026

Mikah Berberyan as Trustee
Mikah Separate Property Trust

DATED: 7/17/2026

Marina Berberyan as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC

DATED: 7/17/2026

Oganes Berberyan as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC

DATED: 7/17/2026

Valentina Zamlyak as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC

DATED: 7/17/2026

Mikah Berberyan as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC

DATED: 7/17/2026

Marina Berberyan as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC
o/b/o Mikah Lawton Pine, LLC,
a series of Mikah Holdings LLC

DATED: 7/17/2026

Oganes Berberyan as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC
o/b/o Mikah Lawton Pine, LLC,
a series of Mikah Holdings LLC

DATED: 7/17/2026

Valentina Zamlyak as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC
o/b/o Mikah Lawton Pine, LLC,
a series of Mikah Holdings LLC

DATED: 7/17/2026

Mikah Berberyan as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC
o/b/o Mikah Lawton Pine, LLC,
a series of Mikah Holdings LLC

DATED: 7/17/2026

Marina Berberyan as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC
o/b/o Mikah Gray Street, LLC,
a series of Mikah Holdings LLC

DATED: 7/17/2026

Oganes Berberyan as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC
o/b/o Mikah Gray Street, LLC,
a series of Mikah Holdings LLC

DATED: 7/17/2026

Valentina Zamlyak as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC
o/b/o Mikah Gray Street, LLC,
a series of Mikah Holdings LLC

DATED: 7/17/2026

Mikah Berberyan as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC
o/b/o Mikah Gray Street, LLC,
a series of Mikah Holdings LLC

DATED: 7/17/2026

Marina Berberyan as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC

DATED: 7/17/2026

Oganes Berberyan as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC

o/b/o Mikah Genzer Street, LLC,
a series of Mikah Holdings LLC

DATED: 7/17/26

Valentina Zamlyak as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC
o/b/o Mikah Genzer Street, LLC,
a series of Mikah Holdings LLC

o/b/o Mikah Genzer Street, LLC,
a series of Mikah Holdings LLC

DATED: 7/17/2026

Mikah Berberyan as Trustee
Mikah Separate Property Trust
Managing Member Mikah Holdings LLC
o/b/o Mikah Genzer Street, LLC,
a series of Mikah Holdings LLC

DATED: 7/17/2026

Mark J. Geragos, Counsel

DATED: 7/28/26

Armen Magzanyan, aka
"Arman Magzanyan," aka
"Arman Magz"

DATED: 7/28/26

TODD BLANCHE
Acting Attorney General of the United States

For
JESSICA OLIVA
Assistant United States Attorney

IT IS SO ORDERED:

[redacted] Gloria M Navarro
UNITED STATES DISTRICT JUDGE

DATED: July 28 2026